UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILLIP F. ROBINSON, | CASE NO. C21-362 RSM |
| Plaintiff, | ORDER ON PENDING MOTIONS |
| v. | |
| FAY LOAN SERVICING, LLC and AZTEC FORECLOSURE CORPORATION OF WASHINGTON, | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff's Complaint and Request for Injunction and Immediate Temporary Restraining Order. Dkt. #1. Plaintiff has concurrently filed a motion requesting that the Court appoint him legal counsel. Dkt. #2. Having reviewed the matter, the Court denies Plaintiff's requests.

The factual basis for this action is scarce. As best the Court can discern, Plaintiff's action relates to his residence and a trustee's sale scheduled by Defendants for March 19, 2021. Dkt. #1 at 5. Plaintiff asserts that Defendants have violated 12 U.S.C. § 5536 and 12 C.F.R. Part 1024. *Id.* at 3. The dispute appears to have started around June 19, 2020, when Plaintiff fell behind on mortgage payments and began seeking a loan modification. *Id.* at 5. Plaintiff alleges that he correctly submitted the necessary application but that Defendants failed to respond, baselessly

ORDER – 1

objected to the application, failed to aid him in completing the application, denied the modification request without notice or an explanation, pursued foreclosure while working on a loan modification, refuses to provide information, and wrongfully proceeded with a trustee's sale. *Id.* at 5–6.

On these facts, Plaintiff argues simply that because he will suffer irreparable harm in the absence of a temporary injunction, the Court should issue one. Plaintiff sets forth the basis for irreparable harm in his Complaint:

> Plaintiff's residence of thirty plus years is at risk of unlawful sale without the courts [sic] temporary Restraining Order.
>
> Monetary damages would hardly compensate 30 years of family memories of meals, child rearing and now grandchildren, or compensate our matriarch's desire to live out her golden years in the same home of the last17 [sic] years.
>
> Monetary damages will not appreciate the same as real estate, equating to a lesser inheritance or educational funding resource to pass on to plaintiff's children and grandchildren.

*Id.* at 6. Plaintiff does not otherwise address the legal standards applicable to the issuance of a temporary restraining orders.

Plaintiff's request for a temporary restraining order fails on several fronts. First, Plaintiff has failed to provide sufficient notice of his request. The applicable rule provides that "[t]he court may issue a temporary restraining order without" notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). As a technical matter, Plaintiff's Complaint is not verified. But more importantly, Plaintiff does not detail any efforts to provide any notice to Defendants or provide

ORDER – 2

any proof of service. At most, Plaintiff requests that the Court "approve plaintiff providing defendant's [sic] legal service initially through email and fax transmission as well as overnight mail and traditional service providers." Dkt. #1 at 8. Without more justification the Court will not grant the request and does not find that Plaintiff has made an adequate effort to provide notice.

Similarly, this Court's Local Civil Rules require notice:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

LOCAL RULES W.D. WASH. LCR 65(b)(1). Plaintiff likewise has not satisfied the requirements of the Court's local rules and the Court denies the request on that basis.

Second, the Court also finds that Plaintiff's request for a temporary restraining order fails on the merits. In support of a temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But again, Plaintiff fails to file a separate motion setting forth the merits of his claims and the scant detail and lack of legal analysis in his Complaint do not allow the Court to weigh the merits of his claims.

Similarly, the Court finds that Plaintiff's allegations of irreparable harm are insufficient. Plaintiff certainly points to emotional attachments to the property at issue. But the Complaint lacks factual allegations establishing that the possible harms could not be redressed at a later time if Plaintiff is successful in his action. Plaintiff provides overly conclusory allegations of harm and the Court finds them insufficient in this instance to establish a likelihood of irreparable harm.

ORDER – 3

1  Lastly, the Court addresses Plaintiff's request that the Court appoint counsel to represent
2  him. In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right."
3  *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted).
4  "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v.*
5  *Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of
6  success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the
7  complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).
8  Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances
9  of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

10  Here, the Court is likewise unable to adequately judge Plaintiff's request for the
11  appointment of counsel. As indicated previously, the Complaint's absence of factual detail or
12  legal analysis leaves the Court unable to judge the merits of Plaintiff's action. Plaintiff does
13  indicate that he has made efforts to locate counsel to represent him and indicates that his difficulty
14  has at least partially been on account of the quick timing involved. At this time the Court
15  encourages Plaintiff to continue trying to locate counsel to represent him but denies the request
16  to appoint counsel without prejudice to Plaintiff filing a more fully developed motion at a later
17  time.

18  Accordingly, and having considered the complaint requesting a temporary restraining
19  order, the motion for appointment of counsel, and the remainder of the record, the Court finds
20  and ORDERS that:

21  1. Plaintiff's request for a temporary restraining order, as set forth in his Complaint and
22     Request for Injunction and Immediate Temporary Restraining Order (Dkt. #1) is
23     DENIED.

24

ORDER – 4

2. Plaintiff's Application for Court-Appointed Counsel (Dkt. #2) is DENIED without prejudice.

Dated this 18th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5